Louis J. PETTIS, Appellant,

v.

Nick ACHILLE et ux., Appellees.

No. 13254.

Court of Civil Appeals of Texas.

Houston.

May 1, 1958.

Thos. H. Dent, Galveston, for appellant.

Markwell, Stubbs & Decker, Henry G. Dalehite, Jr., Galveston, for appellees.

WERLEIN, Justice.

This is a trespass-to-try-title suit brought by appellant, Louis J. Pettis, against Nick Achille et ux., to recover title and possession of Lots 1 to 6, inclusive, in Block 8, Magnolia Park Addition, Galveston County, Texas, according to the map of said addition recorded in Vol. 92, page 358, Galveston County Records. Appellees pleaded not guilty and the five and ten year statutes of limitations, and demanded that appellant file an abstract of title. Although such demand was filed on May 20, 1955, the appellant did not file an abstract of title until December 3, 1956, at which time he filed what he called "Notice of Filing Copies to Prove Common Source." Nevertheless, the certified copies of instruments filed by appellant were introduced in evidence over the objection of appellees. At

the conclusion of appellant's testimony, appellees moved for judgment on the ground that the appellant had failed to prove title from the sovereignty of the soil and had also failed to connect up appellant with any common source. Thereupon, the court, upon motion of appellees, withdrew the cause from the jury and rendered judgment that appellant take nothing by his suit. Appellant has duly perfected his appeal to this Court.

We shall not discuss appellant's points seriatim, but shall consider them in discussing the facts and law of the case.

Appellant complains that the court erred in withdrawing the cause from the jury and entering a take-nothing judgment, contending that the evidence shows in appellant a prior possession to that under which appellees claim, with a regular chain of title connecting appellant with such possession; and further, that the common source of title was the judgment of the court in the case of Christine Jordan Mattern et al. v. J. W. Dalton et al., No. 65213 in the District Court of Galveston County, Texas, entered May 15, 1945, and recorded in Book 691, pages 693 to 696, inclusive, Deed Records of Galveston County, Texas.

Appellant also contends that he built a fence around the property in question on two different occasions, and that the appellees tore down the same. There is nothing to show when the fences were constructed or when they were torn down. The evidence shows that the appellant started buying the land in question in 1946. There is nothing of record to show that he ever constructed any improvements of any kind whatever upon the land or that he ever used it for any purpose. There is no evidence that appellant ever went into possession of the land at any time or that he had possession at the time he pleaded that appellees unlawfully entered upon and dispossessed him of such premises and withheld possession thereof from him.

Appellant further contends that the judgment in the case of Christine Jordan Mattern et al. v. J. W. Dalton et al., supra, in which the plaintiffs recovered judgment to certain property including the property in question in the instant case, contains a recitation that plaintiffs in that case, and those under whom they claimed title, had and held open, adverse, peaceful and continuous possession of all of said land and premises, cultivating, using and enjoying the same for a period of more than ten years next before the commencement of such suit. Appellant's contention is that by the introduction of the copies of instruments aforesaid he has shown that his predecessors in title had possession of said property prior to the time that appellees acquired possession thereof, and that, having a regular chain of title under such judgment, he should recover the property in question on the basis of such prior possession.

■ There is nothing to show when appellees first acquired possession of the property. Appellant, in his petition, alleged that he was dispossessed on May 21, 1954, and that the appellees have since then withheld the possession from him. This allegation is an admission that appellees have held possession of the property at least since May 21, 1954. By their plea of not guilty appellees admitted that they had possession and that they possessed the better title. Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564, 111 A.L.R. 1152.

■ There is no question but that proof of prior possession of land is prima facie evidence of title and sufficient to warrant a recovery in trespass-to-try title against one entering without title. The presumption that the possessor is the owner, however, is a rebuttable presumption, being a mere rule of evidence and not of property. Such possession must be actual. It must be so clearly defined as to give the claimant the exclusive dominion over the property. See Lynn v. Burnett, 34 Tex.Civ.App. 335, 79 S.W. 64; Watkins v. Smith, 91 Tex. 589, 45 S.W. 560; Lockett v. Glen, Tex.Sup., 65 S.W. 482; Canales v. Clopton, Tex.Civ.

App., 145 S.W.2d 933, no writ history; 2 Tex.Jur., Sec. 48, p. 92.

■■ In the instant case appellant has wholly failed to show in himself any possession of the premises in question. The construction of fences around the property would not in itself constitute actual possession thereof by appellant. The question remains as to whether he has shown possession in those under whom he claims with a regular chain of title down to himself. The law is well settled that plaintiff can recover on the basis of showing a prior possession to that under which the defendant claims, with a regular chain of title connecting himself with such possession. See Keys v. Mason, 44 Tex. 140; Watkins v. Smith, Tex.Sup., supra; Lewis v. Dainwood, Tex.Civ.App., 130 S.W.2d 456, writ refused; Dean v. Grogan-Cochran Lumber Co., Tex.Civ.App., 58 S.W.2d 552, no writ history.

■■ The judgment in Christine Jordan Mattern et al. v. J. W. Dalton et ux., supra, even though we assume appellant has connected himself therewith, is in no way competent to show prior possession in appellant as against appellees since they were neither parties to that suit nor are they shown to claim in any way through any party thereto. Stout v. Tall, 71 Tex. 438, 9 S.W. 329. There was no evidence, other than the recitations in said judgment, of any prior possession in those under whom appellant claims. As to appellees, the recital with reference to possession contained in the judgment in that case would be hearsay and certainly not binding on appellees. The doctrine of res judicata and estoppel by judgment cannot be invoked or relied upon since appellees were not parties to said suit and, as stated, do not claim under any person who was a party thereto. Stout v. Tall, supra; McCormick and Ray, Sections 792 and 1279. See Permian Oil Co. v. Smith, supra [129 Tex. 413, 107 S.W.2d 569], in which the court stated:

"In this state it is elementary that no judgment can 'establish' 'title or right of possession' in a litigant in the absolute sense of finality against the world. The 'title or right of possession established' is limited to the parties bound by the judgment."

The aforesaid instruments purporting to show a chain of title under the judgment in the Mattern case, supra, into appellant, do not establish a common source of title between appellant and appellees since there is no evidence that appellees claim under such judgment. See De Martinez v. De Vidaurri, Tex.Civ.App., 219 S.W.2d 823, writ refused, n. r. e.

■ Moreover, the instruments introduced by appellant to prove common source do not show that he has a chain of title to him under the judgment in Mattern v. Dalton, supra, to more than a three-fourths interest in the property in question. The one-fourth interest in the property decreed to Sammie Jordan Ivey in that suit is unaccounted for. Since it was not proven that appellees were mere trespassers, appellant had the burden of establishing not only title to his undivided interest in the property but also that the appellees had no title to any interest therein. This he failed to do. Steddum v. Kirby Lumber Co., 110 Tex. 513, 221 S.W. 920.

There is no merit in appellant's contention that he is seeking to remove a cloud from his title and hence is not required to establish an incontestable chain of title from the sovereignty or from a common source. The present suit is a simple trespass-to-try title suit and appellant has failed to prove any title or possession in himself. The cases cited by appellant are not relevant. In those cases the pleadings and proof showed title in the plaintiff who was seeking to remove some cloud upon his property or to establish the boundary line between his property and the defendant's. See Lee v. Grupe, Tex.Civ.App., 223 S.W.2d 548; Texan Development Co. v. Hodges, Tex.Civ.App., 237 S.W.2d 436.

■■ Indulging every reasonable inference in favor of appellant, we are of the

opinion that there was no evidence warranting submission of the case to the jury, and that the court did not err in instructing a verdict in favor of appellees. It is elementary that in a trespass-to-try title suit the plaintiff must recover on the strength of his own title and not on the weakness of the defendant's title. Mills v. Pitts, 1932, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319; Ainsworth v. Ruemke, Tex.Civ.App., 205 S.W.2d 647, writ ref., n. r. e.; Niendorff v. Wood, Tex.Civ.App., 149 S.W.2d 161, writ refused. It was not necessary for appellees to introduce any evidence since appellant, at the conclusion of his case, had wholly failed to establish a prima facie title or right of possession in himself to the property in question.

Appellant's points of error are all overruled and the judgment of the trial court is affirmed.