**Ray ELLISON et al., Appellants,**

**v.**

**Leo G. BUTLER d/b/a B & G Oil Company, et al., Appellees.**

**No. 444.**

Court of Civil Appeals of Texas. Corpus Christi.

June 30, 1969.

Rehearing Denied July 31, 1969.

Linton S. Benge, Goliad, for appellants.

Gerald T. Bissett, Victoria, for appellees.

## OPINION

NYE, Justice.

Appellants brought suit claiming that the appellees were asserting an unfounded claim of title adverse to their oil and gas leasehold estate in Goliad County, Texas. On a trial to the court without the aid of the jury, judgment was entered that appellants take nothing. There were no findings of fact or conclusions of law requested or filed, and no points of error brought forward challenging the evidence received, either legally or factually. The statement of facts covering ten pages, is a summation of the evidence received. Included at the outset in this statement of facts, is a brief description of appellants' nine exhibits that were filed during the course of the trial, all in summary form. The actual exhibits are not before us.

A review of this record indicates that the defendant appellees were operating an oil well under a lease of 20 acres from the original landowners. Appellants later received an oil and gas lease, a portion of which the appellants contend covers this same 20 acres. Appellants' lessors were different than the lessors under appellees' lease. It is apparent that appellants were attempting to prove a superior title and right to possession of the 20 acres involved, by showing that appellees' lease was no longer in effect because the lease was not being produced in paying quantities. The main question before us as is argued and briefed by the parties, is whether this was a trespass to try title suit, or one to quit title to appellants' oil and gas leasehold estate.

Appellants admit that their lease was a "top lease" or a second base covering the 20-acre tract. They admit that at the time they acquired the lease there was an oil well on the 20 acres which was being operated by appellee Butler under his lease. They admit to appellees' prior possession.

Appellants introduced certain exhibits purportedly covering the 20 acres involved. From their summary we can determine that in 1941 Andreas Henke and wife executed an oil and gas lease to Humble Oil & Refining Company, one of the appellees. Subsequently, Humble assigned the lease to appellee Leo G. Butler, d/b/a B & G Oil Company, retaining an overriding royalty interest in the lease. In 1955 appellees

released all of this acreage except 20 acres around an oil producing well. Later that same year, appellee Butler acquired a lease from Charles Henke and others ("others" are not made certain by the record) of 109.58 acres, less the 20 acres retained in the original lease. A little over a year later in 1956, Butler released this lease. In 1959 James A. Rehler leased (apparently the same 109.58 acres) for a primary term of 25 months and pooled a portion (80 acres) of such lease in a gas unit. Thereafter, in 1959 Rehler assigned this lease to 10 individuals, all of whom are the appellants herein.

After the introduction of these exhibits covering the transactions outlined above, appellants' witnesses made it apparent to the court that they, as lessees of this oil and gas lease, were claiming that the first lease owned by appellees was not producing in paying quantities, and that they were entitled to have the court declare appellees' lease to be a cloud on their leasehold estate. There were no pleadings claiming cancellation of the lease. At this point during the examination of the witnesses appellees objected to any evidence pertaining to the production from the well located on the 20-acre tract, on the ground that the appellants' suit was actually a trespass to try title action, and that they had failed to establish a chain of title from a common source. The court reserved ruling on this objection and permitted the appellants to proceed with the evidence. At the conclusion of the appellants' case, the court sustained appellees' objection, but allowed all of the appellants' testimony to be preserved in a Bill of Exception that is now before us in the statement of facts. Appellees didn't present any evidence.

Appellants' petition alleged that they owned the oil and gas leasehold estate under 109.58 acres, describing the same, in Goliad County, Texas. They alleged that on a certain day they were in possession and entitled to possession of the oil and gas lease and afterwards on or about the 1st day of January, 1967, the appellees unlawfully entered and dispossessed the appellants of such premises and leasehold from the possession thereof. Appellants pray that they have judgment for the title and possession of the oil and gas leasehold estate; that they be quieted in their title thereto against any claims of any kind and character of any of the appellees; that the clouds cast by the claims of the appellants be removed from their title to the property; that they receive an accounting and restitution for the amount of gas taken; and for further relief for which they may be entitled in the premises.

Appellees answered and filed pleas of "not guilty". There was no stipulation as to the common source of title, and it was not established by the evidence or the pleadings. We affirm the judgment of the trial court.

The appellants contend throughout their brief that their suit was one to quiet title to their leasehold estate and that this was not an action on trespass to try title. Appellants' petition does not allege their right, title or ownership of the land at the time the suit was filed. They alleged that they were in possession of the land in December 1966 and were ousted by appellees on January 1, 1967. However, there was no evidence that they were ever in possession. A suit to quiet title is actually in the nature of a bill of peace. Technically, it is a suit in which a person that is in possession seeks relief against one who is making unconscionable claims and pretensions against plaintiffs' title. In a suit to quiet title, the plaintiff must

allege right, title or ownership in himself with sufficient certainty to enable the court to see that plaintiff has a right of ownership that will warrant judicial interference. Where the plaintiff's title has been controverted he must prove that the title was in him at the time of the commencement of the suit either by deraignment from the sovereignty of the soil or by common source with the defendants. The burden of proof throughout is on the plaintiff. If defendant has the legal title, the burden is on plaintiff to show a superior equity. See 47 Tex.Jur.2d, Quieting Title, pp. 531–54, Secs. 1–29.

Appellants urge that the record shows inferentially at least, that they established a common source of title. In this connection, they point out that appellees are claiming title under an oil and gas lease from Andreas Henke and wife Elizabeth Henke. That appellants' lease, by assignment from James A. Rehler, was from Charlie Henke and wife Gladys Henke, as lessors. That because one of the exhibits shows that appellees obtained a subsequent lease on 109.58 acres from "Charlie Henke, et al" and thereafter released this lease in an instrument directed to "Charlie Henke et al" that this amounts to a recognition of a common source of title to the 20 acres involved. Appellants say in their brief from the above transaction and from the record: " * * * it is reasonable to conclude that (1) Andreas Henke was deceased; (2) that the said Andreas Henke left heirs surviving; (3) that such heirs had divided the land belonging to the said Andreas Henke; and (4) that Charlie Henke was now the owner of the 109.58 acres described in plaintiff's petition. * * *" Appellants further argue that appellees recognized Andreas Henke and wife Elizabeth Henke as the common source of their title because the release of the 109.58 acres executed by appellees and covering the 20 acres involved, names appellants' lessor. However, the summation of the exhibit in the record only says "partial release of oil and gas lease from B & G Oil Company and Humble Oil & Refining Company to *Andreas Henke et ux and their heirs and assigns.*" The instrument does not name the heirs.

We hold that this evidence is insufficient, legally and factually to prove a common source of title. Burkhart v. Horn, 369 S.W.2d 680 (Tex.Civ.App.— San Antonio 1963, n. w. h.). There was nothing in the record to show that appellants ever acquired possession of the property. The record conclusively shows that appellants failed to prove title in themselves and their pleadings and proof made this a trespass to try title case, and not an equitable proceeding to remove a cloud. Appellees' pleading of "not guilty" admit, that they had possession of the premises sued for, and that they possessed the better title. Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564 (Tex.Sup.1937). In the face of the not guilty plea, the entire burden of proof was on the appellants. See 56 Tex.Jur.2d § 92, Not guilty plea, pp. 206–207 and authorities cited therein. Appellants can recover only on the basis of showing a prior possession to that under which the defendant claims and a regular chain of title connecting themselves with such possession. This they failed to do. Appellants cite the case of Lee v. Grupe, 223 S.W.2d 548 (Tex.Civ.App.—Texarkana 1949, n. w. h.). This case is not relevant. The present suit is a simple trespass to try title action and the appellants have failed to prove any title or possession in themselves. Pettis v. Achille, 313 S.W.2d 348 (Tex.Civ.App.—Houston 1958, n. w. h.) and cases cited therein.

Appellants' remaining points of error are that the trial court erred in failing to rule that the oil and gas lease under which appellees claim, had terminated due to cessation of production in paying quantities; and that the trial court erred in failing to rule that the oil and gas lease under which appellees claim terminated upon failure to timely tender shut in gas well royalty as required under the terms of the oil and gas lease. These points are without merit. They are either determinable upon contested fact issues developed from the testimony, or upon the oil and gas lease which is not before us. From the undisputed evidence the trial court could have properly ruled that production had never ceased and that the lease was producing at a profit. Where there were no findings of fact or conclusions of law requested we must affirm the judgment of the trial court if there is any evidence of probative force to support it on any theory authorized by law. City of Abilene v. Meek, 311 S.W.2d 654 (Tex.Civ.App.—Eastland 1958, wr. ref.).

Finding no reversible error, the judgment of the trial court is affirmed.

GREEN, Chief Justice (concurring).

I agree that the judgment should be affirmed. My reasons are stated below.

Appellants' evidence establishes that appellees had a prior lease (with different lessors) on the 20 acres here involved, and that appellees had drilled a producing well on said land. It is the claim of appellants that this lease had expired because oil and/or gas were not being produced in paying quantities, causing said lease to be automatically cancelled and of no force and effect. Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783, 137 A.L.R. 1032. Appellants assert that as a consequence of such cancellation of appellees' lease, appellants' top lease became the dominant leasehold estate.

Regardless of whether this be construed as a strict trespass to try title suit, a suit to remove cloud from appellants' title, or a combination of both, there is *no evidence* in the record before us to establish that any of the terms of appellees' lease had been violated, or that said lease had expired. A copy of this lease is not in the record on appeal, and a summary of certain of its terms in the statement of facts does not include any provision reciting that the lease would expire after the primary term if production obtained during the primary term ceases thereafter to produce in paying quantities (the provision relied on in their brief by appellants).

Appellants offered evidence in the trial court to prove that oil and gas were not being produced from appellees' well in paying quantities. Appellees' objections to this offered testimony were sustained on the ground that there was no proof of a chain of title in appellants from the sovereign, or from a common source. Thus, this line of evidence is in the record only on a bill of exceptions. Appellants do not complain by any point of error that the trial court erred in excluding this offered testimony. Hence, the question of the correctness of the trial court's ruling is not before us. We can consider only the evidence that was admitted by the trial court in determining the question of reversible error. On the basis of the record on appeal, I find no reversible error.

SHARPE, Justice (concurring).

I concur in affirmance of the judgment and join in the separate opinion of Chief Justice GREEN.