Sue **WALSTON**, Appellant,

v.

David L. **LOCKHART**, Rebecca G. **Lockhart** and Larry **Walston**, Appellees.

No. 10–00–362–CV.

Court of Appeals of Texas, Waco.

Nov. 14, 2001.

Dissenting Opinion on Motion for Rehearing
Jan. 2, 2002.

Sue Walston, Waco, Pro Se.

Kelly Bierig and R. Dwayne Danner, Irving, for Appellees' Lockharts.

Vance Dunnam, Dunnam & Dunnam, L.L.P., for Appellee Walston.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

PER CURIAM.

Sue Walston and her former husband, Larry, were divorced on January 11, 1994. Walston appealed. Larry filed a separate suit for partition of the real estate they had occupied as their home, asking that the proceeds be distributed according to the divorce decree. The court in which the suit for partition was filed appointed a receiver, Jim Stewart, to sell the property. Walston appealed from that order.[1] On January 24, 1995, the trial court signed an order (1) approving a contract whereby David and Rebecca Lockharts agreed to purchase the property and (2) authorizing the receiver to sell it.[2] On February 6, 1995, the receiver conveyed the property to the Lockharts. Over three years later, on November 9, 1999, Walston sued Larry and the Lockharts in trespass to try title. She claims that, because Stewart did not strictly comply with the terms of the order authorizing the sale, the deed is void.

The Lockharts filed a motion for summary judgment, which the court granted in part on their assertion that Walston lacks standing to maintain the suit. Because we find the standing question dispositive, we do not reach Walston's issues on the merits. ·

■ Briefly, the standards for reviewing a summary judgment are:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in her favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We review a summary judgment de novo. *Rucker v. Bank One*, 36 S.W.3d 649, 652–53 (Tex.App.—Waco 2000, pet. filed).

■ The requirement of standing is implicit in the Texas Constitution's open courts provision, which contemplates access to the courts only for those litigants

---

1. In Cause No. 10–94–251–CV, we ultimately determined, after the property had been sold, that her appeal from the order appointing the receiver was moot.

2. The order signed on January 24 recites that Walston appeared in person and by her attorney and that the approval of the contract of sale was conditioned on it being modified, presumably at her request, to allow her to remain in the residence until February 1, 1995.

suffering an injury. *The M.D. Anderson Cancer Center v. Novak*, 52 S.W.3d 704, 708 (Tex.2001) (*citing Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex.1993)). Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a .case. *Id.* (*citing Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex.2000)). "[S]tanding focuses on the question of who may bring an action." *Id.* (*citing Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998)). Standing, as a component of subject matter jurisdiction, is an issue that may be raised by the court for the first time on appeal; it may not be waived by the parties. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993). Subject matter jurisdiction is never presumed. *Id.* at 444.

■ A discussion of the standing issue must begin with the proposition that from the moment the court appointed the receiver over the property, the property was *in custodia legis. Tex Trunk Ry. Co. v. Lewis*, 81 Tex. 1, 16 S.W. 647, 649 (1891) ("We understand the courts to hold, almost without dissent, that, after the appointment of a receiver, the property to which the receivership relates is to be deemed in the custody of the law, and this seems to us the correct rule."); *see also First S. Properties, Inc. v. Vallone*, 533 S.W.2d 339, 341 (Tex.1976).

The deed which Walston attacks was between the court-appointed receiver and the Lockharts. When she filed this suit she had no ownership interest in the affected land, because her interest had been sold by the receiver. Accordingly, even if the sale was not made in strict compliance with the terms of the order authorizing it, Walston was not "personally aggrieved." *See Marburger v. Seminole Pipeline Co.*, 957 S.W.2d 82, 89–90 (Tex.App.—Houston

[14th Dist.] 1997, pet. denied) (husband who had no ownership interest in his wife's separate real property did not have standing to contest validity of easement over land); *Hollar v. Jowers*, 310 S.W.2d 721, 724 (Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.) (party who had no ownership in land was not entitled to bring suit to cancel deeds).

Walston can obtain no relief in the form she seeks, which is the recovery of title to the property. Nothing about the present suit can change the order appointing the receiver and placing the property in the receivership. That order, along with the order authorizing the sale and the order discharging the receiver and closing the receivership, is final. Furthermore, although there may have been irregularities in the sale, as alleged, yet, as Walston was a party to the receivership proceedings, any irregularities could only be timely called into question by an appeal from the court's ruling upon proper motion made and filed in that cause, not in an independent action in trespass to try title to the land as done here. *See Sherwood v. Kelly*, 257 S.W. 278, 279 (Tex.Civ.App.—San Antonio 1923, writ dism'd).

We conclude that, under these circumstances, Walston does not have standing to bring this action claiming title to the real estate. In so finding, we do not reach her issues on appeal. We render the judgment that the trial court should have rendered. The cause is dismissed for lack of jurisdiction.

TOM GRAY, Justice, dissenting on motion for rehearing.

This is an appeal of a summary judgment entered in favor of David L. Lockhart and Rebecca G. Lockhart in a trespass to try title case brought by Sue Walston. Both. parties filed Motions for Summary Judgment. In two issues, Wal-

ston claimed the trial court erred in granting summary judgment in favor of the Lockharts and in denying her motion. We affirmed the judgment. Because of issues raised in her motion for rehearing, I believe that the law requires that the judgment be reversed and remanded for further proceedings.

## Background

This has been a long and torturous case for all persons involved, including this court. I do not know, nor do I care, what motivates the parties. While I may wish to put this matter to an end, my duty is to apply the law. I believe the law, on this set of facts and in this procedural posture, lies with Walston.

In 1992, Walston filed for divorce. In 1994, a final decree of divorce was entered making certain divisions of the marital property. Walston appealed the property division. The case was remanded to the trial court for a just and right division of the community property. *Walston v. Walston*, No. 10–94–169–CV, No. 10–94–251–CV (Tex.App.—Waco 1995, writ denied)(not designated for publication). On remand, the trial court awarded specific community property to each party and awarded each an undivided fifty percent interest in the remainder. The judgment directed the parties to attempt to reach an agreement on the division or sale of the community property, warning that if no agreement was reached the court would consider the appointment of a receiver. Walston again appealed. We held that the trial court had abused its discretion by awarding each party an undivided fifty percent interest rather than dividing the community property between the two parties. We again reversed and remanded the division of the entire community estate to the trial court for just and right division. *Walston v. Walston*, 971 S.W.2d 687 (Tex.App.—Waco 1998, pet. denied).

While the first appeal of the property division was pending, Walston's ex-husband instituted a partition suit seeking to have the homestead sold. The trial court appointed a receiver to sell the home and to divide the proceeds between the parties. Walston brought a separate appeal challenging the appointment of the receiver. During the pendency of the receivership, Walston filed three motions for leave to file a petition for a writ of mandamus, seeking to prohibit the court from continuing with the receivership. In unpublished opinions, we denied leave to file each time.

In December 1994, the trial court found that an offer from the Lockharts to purchase the property was appropriate for acceptance and ordered that the receiver convey the property to the Lockharts upon compliance "with the terms of the sale as set forth in the contract as modified, approved and confirmed herein." Section 4 of the Contract for Sale reads in part: "If financing (including any financed PMI premium) or assumption approval is not obtained within 30 days after the effective date hereof, this contract shall terminate and the Earnest Money shall be refunded to Buyer." Regarding closing, Section 9 of the contract provided:

> The closing of the sale shall be on or before February 1, 1995, or within 7 days after objections to title and survey have been cured, whichever date is later (the Closing Date); *however if financing or assumption approval has been obtained pursuant to Paragraph 4,* the closing date shall be extended up to 15 days only if necessary to comply with the lender's closing requirements (for example, survey, insurance policies, property repairs, closing documents). (Italics in original.)

The effective date of the contract is December 19, 1994. On January 31, 1995, the title company notified the Lockharts

that the underwriter was not willing to issue a clear policy and requested that the closing be postponed until further resolution of issues of concern to the title company. The Lockharts subsequently invoked the provisions of Section 9 to extend the closing deadline beyond February 1, 1995, to a time within 7 days after objections to title were cured. The Lockharts purchased the property on February 6, 1995. On February 15, 1995, the trial court discharged the receiver and closed the receivership. From the record before us, the trial court never rendered an order confirming the sale to the Lockharts. At that point, finding that the controversy over the appointment of the receiver was moot, we dismissed the appeal from the order appointing a receiver for want of jurisdiction. *See Walston v. Walston*, No. 10–94–169 CV & No. 10–94–251–CV (Tex.App.—Waco 1995, writ denied)(not designated for publication).

In November 1999, Walston brought a separate trespass to try title suit. Walston contended that the Lockharts did not obtain financing on or before January 18, 1995, thus failing to comply with the terms of sale as set forth in the terms of the contract. Walston claims that according to its terms, the contract terminated on January 18, 1995. According to Walston, when the receiver sold the property on February 6, 1995, he acted beyond his authority, and thus, the deed of conveyance to the Lockharts was void. Larry Walston was named as a party in the original trespass to try title suit. The Lockharts filed a motion for summary judgment on Walston's claims, and Walston filed a motion for summary judgment as to all claims against the Lockharts and Larry. The court granted the motion of the Lockharts and denied Walston's motion. Because the relief requested against Larry appeared to be unresolved, we questioned our jurisdiction. The appeal was abated. The trial court revised its order and severed the claims against the Lockharts from those against Larry. Walston appeals the judgment, contending that she has established her right to title and possession of the premises, or at least presented some evidence of a disputed fact that thus precluded summary judgment against her.

The majority disposed of this case on original submission by holding that Walston had no standing to pursue the issue. The opinion relies primarily on the concept that once placed in the custody of the court for purposes of partition, the property remained there until conveyed. Further, the opinion holds that whatever interest Walston had in the property was conveyed by the receiver. Therefore, so the theory goes, Walston has no interest in the property and therefore has no standing to raise the issue of the validity of the receiver's deed.

In her motion for rehearing, Walston asserts in bold text that "... it is the order of confirmation and not the order of sale and not the order of discharge which cures any defects or irregularities in a receiver's sale." I agree. We are the first court to hold otherwise. If the receiver's deed is set aside, the property is not in the custody of the court because the court proceeding has been closed. While the receivership was open, it may have had custody of the property. When it was closed, it could no longer have custody of the property. Thus, the property is no longer in the custody of the receiver or the court. Also, the receivership was closed without confirmation of the sale.

The receiver had court authority to convey title for the owners under a partition proceeding. The trial court specified the conditions under which it could be conveyed. A purported conveyance was made. The receiver was discharged and

the partition action was closed. Walston challenges that the conveyance was not in conformity with the order authorizing the sale. If the conveyance is void, she still owns an interest in the property. Further, she was the equitable beneficiary of the receivership. Equitable title never left her unless the conveyance was valid. Thus I believe Walston has standing to challenge the receiver's deed.

To accept the court's original opinion is to hold that regardless of what impropriety the receiver commits, once the partition proceeding is closed, a trespass to try title action brought by one who would be the owner of the property if the partition deed is set aside as void is never proper. This simply cannot be the law. For the reasons more fully detailed below, the original opinion should be withdrawn, the judgment reversed, and the cause remanded for further proceedings.

**Standards of Review**

*Trespass to try title*

A trespass to try title action is an exclusive remedy by which to resolve competing claims to property. *Ely v. Briley,* 959 S.W.2d 723, 727 (Tex.App.—Austin 1998, no pet.). This cause of action always places both the title and possession in issue. *Permian Oil Co. v. Smith,* 129 Tex. 413, 73 S.W.2d 490, 497 (1934). To maintain the action, the plaintiff ordinarily must have a present right of possession of the lands that are the subject of the controversy. *Wall v. Carrell,* 894 S.W.2d 788, 796 (Tex.App.—Tyler 1994, writ denied). Further, the plaintiff must have title to the land that he seeks to recover. *Id.* If it is not proven that the defendant is a mere trespasser, the plaintiff must establish not only title to an undivided interest in the property but also that the defendant has no title to any interest in the property. *Pettis v. Achille,* 313 S.W.2d 348, 351 (Tex. App.—Houston [1st Dist.] 1958, no writ).

*Summary judgment*

Generally upon review of a summary judgment, a court determines whether the movant has shown that no genuine issue of material fact exists and is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). When both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court should determine all questions presented. *See Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). When reviewing a summary judgment granted on general or unstated grounds, we consider whether any theories set forth in the motion will support the summary judgment. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

*The Lockhart motion*

The Lockharts presented the following grounds to the trial court in their motion for summary judgment:

1. Res judicata bars Walston's claim; and

2. Walston was not a party to the contract for sale between the receiver and the Lockharts.

The court granted the motion for summary judgment, but did not state the grounds upon which it made its ruling.

The Lockharts contend that either of these grounds defeats Walston's trespass to try title action. If either of the grounds presented by the Lockharts disposes of Walston's claim, we must affirm the trial court's judgment.

*Res judicata*

Res judicata precludes relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit.

*McGee v. McGee,* 936 S.W.2d 360, 364 (Tex.App.—Waco 1996, writ denied). Res judicata may be invoked to bar further proceedings ·if (1) a court of competent jurisdiction has rendered a prior judgment; (2) there was a final judgment on the merits; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both suits. *Tippit v. Tippit,* 865 S.W.2d 624 (Tex.App.—Waco 1993, no pet.). While the rule of res judicata bars litigation of all issues connected with a cause of action that might have been tried in a former suit, the rule does not bar a second suit based on a different cause of action. *Ogletree v. Crates,* 363 S.W.2d 431, 436 (Tex.1963).

In their brief, the Lockharts claim that the *Tippit* requirements have been fulfilled. I disagree. Walston is contesting the authority of the receiver to sell the property under an expired contract. She had previously contested the appointment of the receiver, claiming abuse of discretion and lack of jurisdiction by the trial court. *See Walston v. Walston,* No. 10–94–251–CV, No. 10–94–251–CV (Tex. App.—Waco 1995, writ denied) (not designated for publication). When the trial court discharged the receiver and terminated the receivership, we found that we no longer had jurisdiction because the underlying controversy, the propriety of appointing a receiver, had ended. Finding the issue moot, we dismissed the appeal. We did not render a final judgment on the merits of the appointment or the propriety of any actions the receiver had taken.

In response to Walston's argument that the issue in the appeal of the appointment of the receiver was not moot, we distinguished between challenging the appointment of the receiver and questioning his actions in the sale of property:

> Sue might be able to set aside the sale of the house as an action based on a void order. However, this appeal involves the appointment of the receiver, not the sale of the house. Any decision we might render on this cause would merely predict the outcome of a possible future suit to set aside the receiver's deed under which the house was sold.

*Id.* Walston accepted the ruling of this court regarding the appointment of the receiver and, as suggested in our opinion, filed a new suit based on a different cause of action, trespass to try title. The trespass to try title challenged the validity of the Lockhart's title, not by attacking the appointment of the receiver, but rather by attacking the deed signed by the receiver. Furthermore, from the record before us, it does not appear that the trial court entered a final order confirming the receiver's actions in conveying the property to the Lockharts. A confirmation of the sale, or something from which a confirmation might be inferred, is required to render the sale effective. *See Baumgarten v. Frost,* 143 Tex. 533, 186 S.W.2d 982 (1945).[1]

Therefore, the *Tippit* requirements are not satisfied: different causes of action are involved and entry of a final judgment on the merits has not been established. Accordingly, res judicata will not sustain the judgment.

*Standing (as raised by the Lockharts)*

In order to maintain a suit, a person must have standing to litigate the matters in issue. *See Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex.1984). One has standing to sue if:

---

**1.** It could be argued that the court's order discharging the receiver infers confirmation of the sale. *Id.* However, that order is not in the record before us.

(1) he has sustained, or is in immediate danger of sustaining, some direct injury as a result of the wrongful act of which he complains;

(2) he has a direct relationship between the alleged injury and claim sought to be adjudicated;

(3) he has a personal stake in the controversy; and

(4) (a) the challenged action has caused him some injury in fact . . .; or

   (b) he is an appropriate party to assert the public's interest in the matter as well as his own interest.

*City of Bells v. Greater Texoma Util. Auth.*, 744 S.W.2d 636, 639 (Tex.App.—Dallas 1987, no writ).

The Lockharts argue that Walston lacked standing to cancel, rescind, or argue for the termination of the contract for sale and cite *Glass v. Carpenter*, which holds that only a party to a contract is entitled to maintain such a suit. *Glass v. Carpenter*, 330 S.W.2d 530 (Tex.App.—San Antonio 1959, writ ref'd n.r.e.). Walston, however, is not suing to cancel, rescind or terminate the contract. Walston is challenging the validity of a deed conveying title to property in which she claims an interest by pointing out that the contract for sale had previously terminated by its own terms prior to the conveyance of the property by a court-appointed receiver. Walston has produced a certified copy of a deed transferring ownership of the property to her and her ex-husband. The copies of the contract-for-sale and the sales settlement form produced by the Lockharts reflect only that Walston did not sign the contract—not that she lacked standing to challenge the validity of the deed under which they claim title. Accordingly, lack of standing will not sustain the judgment.

*Summary*

For a defendant to prevail on summary judgment, the defendant must show that there is no genuine issue of material fact concerning one or more essential elements of the plaintiff's cause of action or establish each element of an affirmative defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). The Lockharts have not established that there is no genuine issue of material fact concerning the validity of the deed by the receiver, nor have they established the affirmative defense of res judicata. Therefore, I would hold that the trial court erred in granting the motion for summary judgment filed by the Lockharts and affirm Walston's first issue.

### The Walston motion

Walston asserts in her second issue that she established each element of her case in her motion for summary judgment. I disagree.

*Standard of Review: Plaintiff's Motion for Summary Judgment*

When, as here, the plaintiff moves for summary judgment, the plaintiff must conclusively prove all elements of its cause of action as a matter of law. *Nationwide Property & Casualty Ins. Co. v. McFarland*, 887 S.W.2d 487, 490 (Tex.App.—Dallas 1994, writ denied); *see* Tex.R. Civ. P. 166a(c). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982). Once the plaintiff establishes its right to summary judgment, the burden then shifts to the defendant as non-movant to present evidence which raises a genuine issue of material fact, thereby precluding summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Muckelroy v. Richardson In-*

*dep. Sch. Dist.*, 884 S.W.2d 825, 828 (Tex. App.—Dallas 1994, writ denied).

*Elements of cause of action*

Walston lists the essential elements of her claim against the Lockharts as: (1) the contract for sale terminated automatically on January 18, 1995, when the Lockharts failed to obtain financing by that date; (2) the Lockharts did not obtain financing until February 6, 1995; (3) the order of sale was dependent upon the contract for sale, and the contract expired on January 18, 1995; (4) Walston holds rightful title as against any stranger to the property; (5) Walston's property has sustained permanent damage while occupied by the Lockharts; (6) the Lockharts were served with Notice and Demand to Vacate and have refused to vacate or pay rent. These are actually evidentiary facts that must be proven to prevail on her trespass to try title claim. Facts 1–4 relate to Walston's claim of title. The remaining facts relate to her claim for damages and rents if she successfully establishes her title. Facts 1 and 2 relate to the element of a trespass to try title action to prove that the defendant, in this case the Lockharts, has no right, title, or interest in the property. *Pettis*, 313 S.W.2d at 351.

Walston's challenge to the Lockharts' title is dependent upon the date that the Lockharts obtained financing. Walston's only evidence that the Lockharts did not have financing available on January 18, 1995, is a closing document entitled Notice of Final Agreement dated February 6, 1995. As the Lockharts point out, this proves only that a mortgage company funded the loan for the purchase of property on the date of closing and that the loan documents signed that day were the final agreements between the bank and the Lockharts. These closing documents do not conclusively establish the date by which the Lockharts had obtained financ-ing. Common sense tells us that the normal course of a real estate transaction involves obtaining financing before the date of closing. Thus, there is a disputed material fact issue regarding the date financing was obtained.

*Summary*

Walston has not shown that she is entitled to judgment as a matter of law, and the trial court did not err in denying her motion for summary judgment. Because she has not established her trespass to try title action, we would likewise be precluded from rendering judgment for damages or rent. Therefore, I would overrule Walston's second issue.

### The Lockharts' cross-points

The Lockharts presented two cross-points for our consideration.

*Cross–Point No.1*

The Lockharts requested that the Notice of Lis Pendens filed by Walston on or about November 17, 2000, be discharged and that Walston be barred from filing any additional Notices of Lis Pendens regarding the property that is the basis of this suit. This court does not have the authority on an appeal from summary judgment to grant relief never previously requested. TEX.R.APP. P. 33. Cross-point no. 1 should be denied.

*Cross–Point No. 2*

The Lockharts also asked for sanctions pursuant to the Texas Rules of Appellate Procedure: "[T]his court is authorized to award 'just damages' if it 'determines that an appeal is frivolous.'" TEX.R.APP. P. 45. I would sustain one of Walston's issues and thus do not find this appeal is frivolous. Cross-point no. 2 should be denied.

### CONCLUSION

Because neither party has established a right to summary judgment, I would remand this cause to the trial court for fur-

ther proceedings. Because the majority does not, I respectfully dissent.