RECEIVED IN
The Court of Appeals
Sixth District

NOV 1 6 2015

Texarkana, Texas
Debra Autrey, Clerk

FILED IN
The Court of Appeals
Sixth District

NOV 1 6 2015

Texarkana, Texas
Debra K Autrey, Clerk

06-15-00074-CV

# IN THE COURT OF APPEALS OF TEXAS
## SIXTH DISTRICT, TEXARKANA

**DON A WADE,**
**Appellant,**

**V.**

**HOUSEHOLD FINANCE CORPORATION III,**
**Appellee.**

**On Appeal from the County Court at Law**
**Caldwell County, Texas**
**Trial Court Cause No. 5966**

## APPELLANT'S BRIEF

Don A. Wade
596 Boulder Lane
Dale, Texas 78616
(512) 398-3811
quana70@reagan.com

1

# IDENTITY OF THE PARTIES

## Appellant

Don A. Wade
596 Boulder Lane
Dale, Texas 78616
(512) 398-3811
quana70@reagan.com

## Appellee

HOUSEHOLD FINANCE CORPORATION III

## Counsel for Appellee

Sarah S. Robbins
HUGHES, WATTERS & ASKANASE, L.L.P.
Three Allen Center
333 Clay Street, 29th Floor
Houston, Texas 7702
ssr@hwallp.com

# TABLE OF CONTENTS

Identity of Parties and Counsel...........................................................................ii

Table of Contents...........................................................................................iii

Table of Authorities.........................................................................................v

Statement of the Case......................................................................................1

Issues Presented.............................................................................................2

Issue One: Did a County Court have subject matter jurisdiction to foreclose on 90 acres of land when the underlying contract is for 34.6 acres?

Issue Two: Is it real estate fraud when HFC contracted for 34.6 acres and falsified the public record by filing a description of 90 acres?

Issue Three: Does the theory of unjust enrichment apply when a party sues for recovery of more property than it was enumerated in the contract between the parties?

Issue Four: Does laches apply if an entity sat on its legal rights for 5 years?

Summary of the Argument.................................................................................2

Argument and Authorities.................................................................................3

Unjust Enrichment.................................................................................3

Laches...............................................................................................8

Subject Matter Jurisdiction.......................................................................9

Fraud...............................................................................................10

Conclusion.................................................................................................11

Prayer.....................................................................................................12

Certificate of Compliance...............................................................13

Certificate of Service...................................................................13

Appendix.................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*City of Fort Worth v. Johnson*, 388 S.W.2d 400, 403 (Tex.1964)................8

*Fortune Prod.Co. v. Conoco, Inc.* 52 S.W.3d 671, 684 (Tex.2000)...............4

*James L. Bircher, et al, v. The Bank of New York Mellon, et al,*
No. 4:12-CV-171-Y, (U.S.D.C., N.D. Texas, Fort Worth Divison, 2010).      ......4

*Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, (Tex.1989)...................8

*Texas Dept. Parks and Wildlife v. Miranda,* 133      S.W. 3d 217, (Tex.2004)......9

*Walston v. Lockhart*, 62 S.W.3d 257, 264 (Tex.App.—Waco 2001, pet denied)...2

**Texas Statutes**

Tex.Prop.Code §52.002(d)...............................................................5

Texas Rules of Appellate Procedure 24.1. ............................................6

## STATEMENT OF THE CASE

This case can be summed up very succinctly in a few words. A Deed of Trust which enumerates the contract to be on 34.69 acres cannot be magically turned into a foreclosure on 90 acres. In this matter, HFC proceeded at all times in real estate fraud and unjust enrichment, all of which were barred by the doctrine of laches.

Don A. Wade and Shelley Wade[1] signed a promissory note and security instrument on March 26, 2005. The contract, when it was signed, reflected 3.46 acres of land on the Deed of Trust, however, the Wades had documents stolen from their home and among them was the Original Deed of Trust which reflected the 3.46 acres. When Appellant requested a copy of the original deed of trust, it had been altered to reflect the encumbered property as 34.69 acres. Appellant rescinded the contract after two years due to the many discrepancies which HFC committed, and HFC never responded. Appellant has not owned more than 34.69[2] acres beginning at least 20 years before he contracted with HFC.

---

1 Shelley Wade is not a party to this suit.
2 Clerk's Record page 167 - Caldwell CAD document showing 34.69 acres.

## ISSUES PRESENTED

Issue One: Did a County Court have subject matter jurisdiction to foreclose on 90 acres of land when the underlying contract is for 34.6 acres?

Issue Two: Is it real estate fraud when HFC contracted for 34.6 acres and falsified the public record by filing a description of 90 acres?

Issue Three: Does the theory of unjust enrichment apply when a party sues for recovery of more property than was enumerated in the contract between the parties?

Issue Four: Does laches apply if an entity sat on its legal rights for 5 years?

## SUMMARY OF THE ARGUMENT

The Court lacked subject matter jurisdiction to issue a writ of possession on 90 acres. HFC lacked standing to sue for possession of 90 acres.

For standing to exist, a party must be directly and personally aggrieved. Specifically, the party must show that (1) it has sustained, or is in immediate danger of sustaining, some direct injury as a result of the wrongful act of which it complains; (2) it has a direct relationship between the alleged injury and claim sought to be adjudicated; (3) it has a personal stake in the controversy; and (4)(a) the challenged action has caused it some injury in fact or (b) it is an appropriate party to assert the public's interest in the matter as well as its own interest. *Walston v. Lockhart*, 62 S.W.3d 257, 264 (Tex.App.—Waco 2001, pet denied).

At no time was 90 acres mortgaged, certainly not to HFC. Even if Appellant had engaged in detainer, his occupancy did not extend to 90 acres, and he cannot

2

be sued for that which was not contractually mortgaged. HFC had no personal stake in 90 acres, nor did it suffer injury as a result of Appellant's detainer on 90 acres. HFC cannot assert a public interest.

The judge based his decision on the fact that the district judge had, five years previous to the suit for possession, granted an order to foreclose on 90 acres, even though the county court judge was shown evidence that 90 acres was not and could not be encumbered.

It is a legal impossibility to award a judgment which exceeds the interest of the parties.

## ARGUMENT AND AUTHORITIES
## UNJUST ENRICHMENT

HFC financed 2 trailer houses sitting on 3.46 acres of Appellant's land. Although Appellant alleges when he signed the mortgage document it read 3.46 acres, the fact is, his original copy was stolen and, therefore, he cannot prove that number, however, the copy of the mortgage he eventually obtained from HFC reads 34.69 acres, and reflects his and his deceased wife's signature.

Rather than obtain the description from the new survey that was done on the property at the time of the loan, HFC copied an old property description from the records of the Caldwell County clerk. This obsolete description read "90 acres".

Even though HFC was noticed repeatedly that it laid claim to 55 acres more than was mortgaged, HFC continued to press ahead to obtain possession of 90 acres. This can only be described as an attempt at unjust enrichment.

By filing its claim for possession of 90 acres in a suit for forcible detainer, HFC attempted to recover more than it was entitled to recover, thus engaging in suit for unjust enrichment.

Unjust enrichment is a quasi-contractual claim that is based on the absence of an express agreement. See *Fortune Prod.Co. v. Conoco, Inc.* 52 S.W.3d 671, 684 (Tex.2000). The Deed of Trust and Note preclude any claim for cause of action which would grant to Plaintiff more than the parties had contracted for. HFC, by bringing its claim for 90 acres when the parties' contractual agreement is for 34.69 acres, has engaged in unjust enrichment. *James L. Bircher, et al, v. The Bank of New York Mellon, et al,* No. 4:12-CV-171-Y, (U.S.D.C., N.D. Texas, Fort Worth Division, 2010).

On December 2, 2014, HFC executed a foreclosure sale on 90 acres. Since the loan was a home equity loan, HFC had filed for a foreclosure order in 2009[3]. It was this order that was used to foreclose in 2014 and which was offered as evidence at the forcible detainer suit as its right to possession.

The foreclosure was voidable, if not void, as, none of the procedures which are mandated in Tex.Prop.Code §52.002(d) had been done, including no written

[3] **Clerk's Record**, pages 93-94

4

notice of default and offer to cure by certified mail was sent to Appellant. No

Notice of Sale was posted 21 days before the sale. No Notice of Appointment of

Substitute Trustee was posted until December 22, 2014,[4]

When HFC filed for forcible detainer, it fraudulently omitted the most telling

page from the Mortgage that Appellant and his wife had signed on March 26,

2005.[5]

Appellant strenuously objected to the order for possession by filing several

Requests for Finding of Fact and Conclusion of Law. In his answer to the First

Request[6], Judge Jarret, answered that "The Mortgage encumbered 90.0 acres of

land out of the Edward Brown Survey in Caldwell County, Texas. (the "Property"),

and that A Substitute Trustee's Deed, dated December 12, 2014, was executed

foreclosing the underlying lien and granting title to the 90.0 Acres of land to

Household Finance Corporation, III.[7]

Appellant filed a Motion for New Trial followed by a Judicial Notice of

Fraud on the Court,[8] at which point, Judge Jarret could have ordered a new trial,

---

4 **Clerk's Record**, pages 100-101
5 **Clerk's Record**, page 198 – Voluntary Designation of Homestead, a document which must be part of a home equity mortgage or loan. This one reflecting the property contains 34.69 acres. The designation further reflects that there is not more than one survey and there are no more acres. Yet, HFC pulled a recorded survey of the property which had been filed more than 20 years prior to Appellant's transaction.
6 **Clerk's Record** – page 180, Defendant's Request for Finding of Fact and Conclusion of Law.
7 **Clerk's Record** – page 184, Findings of Fact.
8 **Clerk's Record** – page 187-189, once again attaching a copy of the actual Mortgage which reflected 34.9 acres. – **C.R.** page 198

5

since the Motion for New Trial had been timely filed.[9] A new trial was never scheduled.

Appellant filed his Additional Request for Finding of Fact and Conclusion of Law[10], on June 12, 2015, which was met with the issuance of a Writ of Possession[11] over the top of a timely filed Supersedeas Surety Bond.

The Additional Request was never answered.

As it happens, the deputy clerk who was assigned this task in the clerk's office, had only had the job for two months, and was not familiar with, and had not been properly trained as to Texas Rules of Appellate Procedure 24.1. She did not understand the approval of bond process and was of the belief that the court approved the bond.

After much agony and frustration, the Writ was returned to the clerk, on August 14, 2015, unexecuted. [12]

During the hearing, Appellant informed the Court that 90 acres was not involved and the exhibit of the mortgage document offered by the Appellee at the trial did not show the property mortgaged and was incomplete.[13]

---

9 **Clerk's Record** – Page 162
10 **Clerk's Record** – Page 201 – Additional Request for Finding of Facts
11 **Clerk's Record** – Page 205 – Writ of Possession
12 **Clerk's Record** – Page 269
13 **Reporter's Record,** Page 8, lines 7-11

6

Appellant noticed the Court[14] that there were not 90 acres involved and hadn't been for over 30 years, therefore the Court did not have subject matter jurisdiction over the matter.

Appellant asks the judge[15] if he signs the eviction order does that also evict Hoffman, the Marlin's, the Mowreys, the people who over time have bought land from Appellant which was in the original 90 acres which Appellant owned. At line 21-24 on the same page, Appellant states he is just trying to understand why he is being singled out to be evicted on a piece of property that has six other people on it? i.e. the 90 acres.

Based on the issue of right to possession, the judge awarded possession of the 90 acres to HFC, the party named in the Substitute Trustee Deed.

The Court failed to name a supersedeas bond amount, another hearing was held on May 11, 2015 to determine the amount of the bond, and the bond was timely filed.

**LACHES**

Setting aside the fact that HFC committed fraud by continually asserting its right to 90 acres, rather than the 34.69 noted in the mortgage, Appellant asserts that HFC abandoned the right to foreclose on the property which it obtained in the 2009 order.

---

14 **Reporter's Record,** Page 13, lines 4-6
15 **Reporter's Record,** Page 16, lines 14-19

The two essential elements of laches are (1) unreasonable delay by one having legal or equitable rights in asserting them, and (2) a good faith change of position by another to his detriment because of the delay. *City of Fort Worth v. Johnson*, 388 S.W.2d 400, 403 (Tex.1964). *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, (Tex.1989).

Appellant asserts that HFC obtained its right to foreclose on November 23, 2009 when it received the order to foreclose from the district court. During the 5 year interim from the time it received its order until it filed for foreclosure in December of 2014, Appellant believed that HFC had taken the high road, realized it had no lien on 90 acres, the rescission that Appellant had submitted was accepted in good faith, and that HFC had gone away. As a result, Appellant did not file for trespass of title during the 5 year period.

Appellant asserts that laches applies, and HFC is barred by laches.


## SUBJECT MATTER JURISDICTION

The trial court had no subject matter jurisdiction regardless of the previous order for foreclosure issued by the district court in 2009. During the trial on the matter, Appellant gave evidence that HFC's pleadings to obtain possession were a sham, as the original Mortgage was on 34.69 acres. The attachment of Exhibit 1

which reflected 90 acres of land was originally attached to the Mortgage and filed into public record without the knowledge of Appellant.

A survey had been completed on the 34.69 acres and was part of the documentation accompanying the original mortgage. HFC had been noticed it was proceeding in error or fraud, and had ignored the fact.

The Court was shown evidence of the mortgage which clearly defined 34.69 acres, yet granted possession of 90 acres which the Appellant had not owned for over 30 years.

The Court relied on the pleadings of HFC which claimed 90 acres, yet, Appellant did not mortgage 90 acres, and therefore, the Court had no subject matter jurisdiction over the 90 acres. *Texas Dept. Parks and Wildlife v. Miranda,* 133 S.W. 3d 217, (Tex.2004).

The Court had an obligation to examine the evidence on which the parties relied to determine if a fact issue existed regarding the false representation of 90 acres.

**FRAUD**

HFC made false representations, originally to the district court which issued an order to foreclose on 90 acres, and then to the county court in order to obtain possession of 90 acres, which it did not own nor have any interest in.

HFC made the representations with the intent to deceive the court into granting possession to land which could not be adjudicated by the court as 55 acres of the land had been previously sold and to which HFC held no interest, whatsoever.

Appellant, by submitting his request for finding of facts and conclusions of law, clearly asked the Court for its findings, and Judge Jarrett replied that "The Mortgage encumbered 90.0 acres of land out of the Edward Brown Survey in Caldwell County, Texas. (the "Property") as one of the facts, and that "The Plaintiff, Household Finance Corporation, III, has the greater right to possession of the property in question." [16]

It is obvious that the judge relied on Exhibit 1, the inclusion of a property description of 90 acres, for his facts.

In addition to filing a Motion for New Trial, Appellant gave Judicial Notice of Fraud on the Court.[17]

Appellant then made an additional request for finding of fact and conclusion of law[18], that request was never answered by the Court, rather, HFC filed for a Writ of Possession on the 90 acres over the top of a timely filed Supersedeas Bond.

## CONCLUSION

16 **Clerk's Record** – pages 184-185
17 **Clerk's Record** – pages 187 - 200
18 **Clerk's Record** – pages 201 - 202

HFC, acted in bad faith from the beginning of contractual agreement between the parties, to the filing of a forcible detainer which attempts to foreclose on twice as much property as it had an interest in.

HFC waited 5 years after obtaining an order to foreclose to do so, and then sued for forcible detainer based on an Exhibit 1 attached to the Mortgage which asserted to describe the property encumbered, yet, the Mortgage itself reflected 34.69 acres as being encumbered by a lien.

HFC was barred from foreclosure by laches.

Nevertheless, HFC foreclosed five years after the Order for Foreclosure was issued and subsequently filed for possession and was granted possession of 90 acres in contravention to a contract which read 34.69.

In doing so, HFC acted in bad faith, filed fraudulent documents into the court which materially misrepresented the facts to the court, attempted to foreclose on 55 acres more than was mortgaged, and caused a writ of possession to issue after a good and sufficient Supersedeas Bond had been timely filed.

HFC acted, at all times, in total disregard and disdain for Texas law.

## PRAYER

In this instance, the seizure and possession of 90 acres is a legal impossibility, and Appellant requests this court to reverse the order for possession and remand this case to the trial court for sanctions of violations of Rule 13 by

11

attorneys for HFC, as they knew or should have known that they were filing fraudulent pleadings in the trial court.

Respectfully submitted,

Don A. Wade
596 Boulder Lane
Dale, Texas 78616
(512) 398-3811
quana70@reagan.com

## CERTIFICATE OF COMPLIANCE

I, the undersigned, do hereby certify that the number of words in this Appellant's Brief is 2,784 words.

12

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of Appellant's

Brief was sent by U. S. Postal Service on November 13, 2015 to:

Sarah S. Robbins
HUGHES, WATTERS & ASKANASE, L.L.P.
Three Allen Center
333 Clay Street, 29th Floor
Houston, Texas 7702
ssr@hwallp.com

## APPENDIX

## JUDGMENT

13

Cause No. 5966

| | | |
|---|---|---|
| HOUSEHOLD FINANCE CORP. III | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| V. | § | AT LAW |
| | § | |
| | § | |
| DON A WADE AND SHELLEY WADE | § | |
| AND ALL OTHER OCCUPANTS | § | |
| Defendants | § | CALDWELL COUNTY, T E X A S |

## JUDGMENT

This April 7, 2015, came on to be heard the above entitled and numbered cause herein HOUSEHOLD FINANCE CORP. III, is Plaintiff, DON A WADE AND SHELLEY WADE AND ALL OTHER OCCUPANTS are Defendants; when came the Plaintiff appeared and announced ready for trial. Defendants did appear. The Court, after considering the pleadings and fully hearing the sworn evidence finds for the Plaintiff.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Defendants are adjudged guilty of forcible detainer and that the Plaintiff, HOUSEHOLD FINANCE CORP. III does have and recover of the Defendants DON A WADE AND SHELLEY WADE AND ALL OTHER OCCUPANTS, possession of the following described premises situated in the Justice of the Peace Court, Precinct 2, Place 1, CALDWELL County, Texas, to wit: 596 BOULDER LANE, DALE, TX 78616 more particularly described as:

SEE EXHIBIT A;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a Writ of Possession issue on or after the sixth day after entry of this judgment, to the proper officer commanding him to seize possession of the said described premises and deliver same to the Plaintiff and that an execution issue for removal of all personal property left and/or abandoned by Defendants remaining on the property;

EV Judgments 2014-025360smt

155

This judgment is final, disposes of all claims and parties, and is appealable.

Entered this _5th_ day of _May_ 2015.

_____
THE HONORABLE PRESIDING JUDGE
COUNTY COURT AT LAW

APPROVED & ENTRY REQUESTED:

HUGHES, WATTERS & ASKANASE, L.L.P

_____
Sarah S. Robbins          TBA #24074966
Three Allen Center
333 Clay, 29th floor
Houston, Texas 77002
Telephone (713) 759-0818
Telecopier (713) 759-6834
ATTORNEYS FOR PLAINTIFF

FILED this _5th_ day of _May_ 20_15_
_2:35 P_ M
_____
CAROL HOLCOMB
COUNTY CLERK, CALDWELL COUNTY, TEXAS
By _Sharon Williams_ Deputy