ACCEPTED
04-14-00774-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/21/2015 2:05:12 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00774-CV

## IN THE COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
5/21/2015 2:05:12 PM
KEITH E. HOTTLE
Clerk

RAY BASALDUA,

*Appellant,*

v.

GEORGE FARINACCI, LADONA FARINACCI, & JIM HOUSE
*Appellees.*

## CORRECTED APPELLEES' BRIEF

From the District Court of Bexar County, Texas,
408th Judicial District; Trial Court Case No. 2014-CI-05926

FRANK O. CARROLL III
TBA No. 24082785
MIA B. LORICK
TBA No. 24091415
Roberts Markel Weinberg Butler Hailey PC
2800 Post Oak Blvd, 57th Floor
Houston, Texas 77056
Tel: (713) 840-1666
Fax: (713) 840-9404
fcarroll@rmwbhlaw.com
mlorick@rmwbhlaw.com
ATTORNEYS FOR APPELLEES GEORGE FARINACCI,
LADONA FARINACCI, AND JIM HOUSE

# IDENTITY OF PARTIES AND COUNSEL

## Appellant:

RAY BASALDUA, PRO SE

PO Box 1982
Lytle, Texas 78052
Tel: (210) 912-3256

## Appellees:

GEORGE FARINACCI
LADONA FARINACCI
JIM HOUSE[1]

Frank O. Carroll III
Mia B. Lorick
Roberts Markel Weinberg Butler Hailey PC
2800 Post Oak Blvd, 57th Fl.
Houston, Texas 77056
Tel: (713) 840-1666
Fax: (713) 840-9404
fcarroll@rmwbhlaw.com
mlorick@rmwbhlaw.com

---

[1] Appellees file this Corrected Appellees' Brief due to inadvertently omitting Appellee Jim House in Appellees' previously filed Appellees' Brief. As such, Appellees now file this Corrected Appellees' Brief to include Jim House.

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL .................................................ii

TABLE OF CONTENTS .................................................................iii

TABLE OF AUTHORITIES ............................................................ v

RECORD REFERENCES ..............................................................vii

STATEMENT OF THE CASE ........................................................viii

ISSUES PRESENTED ...................................................................ix

STATEMENT OF FACTS ............................................................... 1

PROCEDURAL HISTORY............................................................... 3

SUMMARY OF THE ARGUMENT ................................................... 4

ARGUMENTS AND AUTHORITIES ................................................ 6

    I.    THE TRIAL COURT PROPERLY GRANTED APPELLEES'
        MOTION FOR SUMMARY JUDGMENT BASED ON
        VOLUNTEER IMMUNITY AS TO ALL OF BASALDUA'S
        CLAIMS................................................................................ 6

        A.    Standard of Review ....................................................... 6

        B.    Federal and State volunteer immunity statutes
            generally....................................................................... 6

        C.    The Motion for Summary Judgment asserted volunteer
            immunity as to all of Basaldua's claims ........................ 9

        D.    The trial court's Order disposed of all of Basaldua's
            claims against Appellees........................................... 11

II. THE MANNER IN WHICH BASALDUA REFERS TO A DEFENDANT DOES NOT REMOVE THE STATUTORY PROTECTION OF VOLUNTEER IMMUNITY ................... 12

CONCLUSION ...................................................................... 15

PRAYER ............................................................................. 16

CERTIFICATE OF COMPLIANCE ....................................... 17

CERTIFICATE OF SERVICE ............................................... 17

# **TABLE OF AUTHORITIES**

## <u>Cases</u>

*Candlelight Hills Civic Ass'n, Inc. v. Goodwin,*
  763 S.W.2d 474, 478-79 (Tex. App.—Houston [14th Dist.] 1998, writ denied) ..................................................................................................8

*Carr v. Brasher,*
  776 S.W.2d 567, 569 (Tex. 1989) ......................................................11

*Cincinnati Life Ins. Co. v. Cates,*
  927 S.W.2d 623, 626 (Tex. 1996) ......................................................11

*Industrial Co. of N. Am. v. Security Ins. Co.,*
  790 S.W.2d 407, 410 (Tex. App.—Houston [1st Dist.] 1990, no writ) ...............................................................................................6, 11

*Insurance Co. of North America v. Security Ins. Co.,*
  790 S.W.2d 407, 410 (Tex. App.—Houston [1st Dist.] 1990, no writ) 11

*In re Hoa Hao Buddhist Congregational Church Tex. Chptr.,*
  2014 Tex. App. LEXIS 13792 (Houston [1st Dist.] December 23, 2014) ................................................................................................................9

*Lang v. City of Nacogdoches,*
  942 S.W.2d 752, 757 (Tex. App.—Tyler 1997, writ denied) ...........6, 11

*McCrea v. Cubilla Condominium Corp.,*
  685 S.W.2d 755, 757 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) ...............................................................................................11

*Rogers v. Ricane Enters. Inc.,*
  772 S.W.2d 76, 79 (Tex. 1999) ..........................................................11

*Ryland Enter. v. Weatherspoon,*
  355 S.W.3d 664, 666 (Tex. 2011).. ....................................................14

*State Bar of Texas v. Heard,*
603 S.W.2d 829, 833 (Tex. 1980) .......................................................14

*State Farm Fire & Casualty Co. v. S.S.,*
858 S.W.2d 374 (Tex. 1993) ..............................................................11

*Tilotta v. Goodall,*
752 S.W.2d 160, 161 (Tex. App.—Houston [1st Dist.] 1988, writ denied)......................................................................................11

*Walston v. Lockhart,*
62 S.W.3d 257, 258 (Tex. App.—Waco 2001, pet denied) ....................6

*Wilchester W. Concerned Homeowners LDEF, Inc. v. Wilchester W. Fund, Inc.,*
177 S.W.3d 552, 566 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)........................................................................................8

*Wrongful Death Beneficiaries of Elliot v. La Quinta Corp.,*
2007 U.S. Dist. LEXIS 16837 at *7 (N.D. Miss. March 8, 2007) ........8

## Statutes

42 USC § 14503 ...............................................................................7, 13

42 USC § 14505 ....................................................................................7

Tex. Bus. Org. Code § 22.001(5)............................................................8

Tex. Bus. Org. Code § 22.235 ............................................................8, 13

Tex. Prop. Code § 201.002 .....................................................................8

Tex. R. Civ. P. 71 .............................................................................13, 14

# RECORD REFERENCES

Citations in this Appellees' Brief to the Parties are as follows:

Appellant Ray Basaldua will be referred to as "Basaldua."

Appellees George Farinacci, LaDona Farinacci, and Jim House will be referred to collectively as "Appellees."

Citations in this Appellees' Brief to the record are as follows:

CR – Clerk's Record designated by George Farinacci, LaDona Farinacci, and Jim House and filed in this Court on 12/30/2014 (i.e. CR [page]; e.g. CR 1)

# STATEMENT OF THE CASE

*Nature of the case:* This appeal arises from a summary judgment proceeding in which the trial court granted Appellees' Motion for Summary Judgment, dismissing all of Basaldua's claims.

*Trial Court Disposition:* Appellees filed a Motion for Summary Judgment on October 8, 2014. (CR 115–29). On October 22, 2014, Basaldua filed a Response to Appellees' Motion for Summary Judgment. (CR 163–68). Appellees filed a Reply to Basaldua's Response on October 29, 2014. (CR 175–83). On October 30, 2014, the trial court granted Appellees' Motion for Summary Judgment, dismissing all claims. (CR 191).

*Trial Court:* 408th Judicial District; Trial Court Case No. 2014-CI-05926

# ISSUES PRESENTED

1.  Whether the trial court abused its discretion in granting Appellees' Motion for Summary Judgment based on volunteer immunity as to all claims.

2.  Whether the trial court had jurisdiction over the parties when Basaldua referred to the board members as "individuals" and not as "volunteer board members."

## STATEMENT OF FACTS

This appeal stems from an action brought by Ray Basaldua against various volunteer members of the Board of Directors of the Clear Springs Park Property Owner's Association, Inc. (the "Association").[2] The Association is a nonprofit homeowners association located in San Antonio, Bexar County, Texas, which was created for civic and public benefit, and to serve the welfare of the community.[3] The Association is operated by the Board of Directors, comprised of individual volunteer members who are not compensated for their service.[4] This lawsuit is based on Basaldua's dissatisfaction with the administration of the Association.[5]

Basaldua is a builder who was hired by a Clear Springs community homeowner, Li Luo Skelton ("Skelton"), to construct an addition and improvements to her home.[6] Although Basaldua and Skelton agreed on plans and began construction, Skelton failed to obtain approval of the Association before beginning construction, as

---

[2] CR 1.
[3] CR 116–17.
[4] CR 116.
[5] CR 2–3.
[6] CR 2.

1

required by the Association's Restrictions.[7] Construction within the Clear Springs community requires approval from the Architectural Control Committee (the "ACC"), prior to beginning work, as all properties are subject to the Restrictions of Clear Springs Park, Unit 1 (the "Restrictions") which mandate such requirement.[8]

Due to the failure to obtain Association approval, the Association obtained a temporary restraining order ("TRO") in 2012 to stop construction.[9] The order required the Skeltons to allow the ACC to inspect the existing construction, to provide plans and information on future construction, and to obtain approval from the ACC going forward.[10] The Skeltons agreed to obtain approval prior to moving forward with construction.

After the TRO was issued, Basaldua filed suit against the Skeltons as well as various volunteer board members of the Association.[11] Basaldua alleged that because the volunteer board members sought and obtained a TRO, he lost income and incurred

---

[7] CR 11.
[8] CR 11.
[9] CR 35.
[10] CR 35–38.
[11] CR 1.

2

unnecessary costs.[12] Basaldua claimed that the volunteer board members prevented him from performing work on his contract with Skelton and that he suffered damages of over one-million dollars.[13] Basaldua sued the Board members in their individual capacity.[14]

Appellees are members of the Association's volunteer board of directors.[15] Basaldua alleged fraud, tortious interference with an existing contract, tortious interference with prospective relations, breach of contract, and aiding and abetting.[16]

## PROCEDURAL HISTORY

On April 14, 2014, Basaldua filed suit against Defendants George Farinacci, LaDona Farinacci, Li Luo Skelton, and later, Jim House.[17] Appellees filed an Answer on May 12, 2014, and pled volunteer immunity as a defense.[18] On October 8, 2014, Appellees filed a Motion for Summary Judgment, asserting volunteer immunity as a bar to all of

---

[12] CR 1.
[13] CR 1—6.
[14] CR 2—3.
[15] CR 1—5.
[16] CR 1—6.
[17] CR 1—6.
[18] CR 7—-9.

3

Basaldua's claims.[19] Basaldua filed a Response to the Motion for Summary Judgment on October 22, 2014; and, Appellees filed their Reply on October 29, 2014.[20] The trial court granted Appellees' Motion for Summary Judgment on October 30, 2014, by entering an Order dismissing all of Basaldua's claims.[21] This appeal followed.

## SUMMARY OF THE ARGUMENT

The trial court did not abuse its discretion in granting Appellees' Motion for Summary Judgment. Under well–established Federal and Texas volunteer immunity statutes, volunteers are immune from liability when acting within the scope of their duties as volunteers. As such, the Federal and Texas volunteer immunity statutes are applicable to all claims brought by Basaldua because at all relevant times, Appellees were acting in their volunteer board member capacities. Appellees asserted volunteer immunity as to all of Basaldua's claims, and the trial court properly entered an Order dismissing all claims. Therefore, the trial court did not abuse its discretion.

---

[19] CR 115–29.

[20] CR 175–83; CR 184–88.

[21] CR 191–92.

4

Basaldua argues that the court erred because he sued Appellees individually, and he did not refer to them as volunteers. However, the volunteer protection is still triggered as the volunteer immunity statutes do not look to the title a plaintiff gives a defendant or whether the word "volunteer" is mentioned, but look to the conduct that is the basis of the lawsuit. If the conduct complained of is within the scope of the volunteer's duties (as is the case here), the volunteer cannot be held liable as a matter of law. The trial court did not abuse its discretion in granting Appellees' Motion for Summary Judgment.

## ARGUMENTS & AUTHORITIES

I.  **THE TRIAL COURT PROPERLY GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT BASED ON VOLUNTEER IMMUNITY AS TO ALL OF BASALDUA'S CLAIMS.**

### A.   *Standard of Review*

Summary judgment is reviewed *de novo*.[22] Where a trial court does not specify the grounds upon which it granted summary judgment on each of the causes of action, summary judgment will be affirmed if any of the theories advanced are meritorious.[23]

### B.   *Federal and State volunteer immunity statutes generally*

The Federal Government created statutory protections for volunteers in an effort to encourage volunteerism and to limit potential liability for the volunteer. The relevant portion of the Federal Volunteer Protection Act (the "Federal Act") states:

**(a)  Liability protection for volunteers** – Except as provided in subsections (b) and (d) of this section, no volunteer of a nonprofit organization or governmental entity shall be liable for harm[24] caused by an act or

---

[22] *Walston v. Lockhart*, 62 S.W.3d 257, 258 (Tex. App.—Waco 2001, pet denied).

[23] *Lang v. City of Nacogdoches*, 942 S.W.2d 752, 757 (Tex. App.—Tyler 1997, writ denied); *Industrial Co. of N. Am. v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex. App.—Houston [1st Dist.] 1990, no writ).

[24] *See* 42 USC § 14505. Definitions. For purposes of this chapter, the term "harm" includes physical, nonphysical, economic, and non-economic losses.

6

omission of the volunteer on behalf of the organization or entity if:

**(1)** The volunteer was acting within the scope of the volunteer's responsibilities in the nonprofit organization or governmental entity at the time of the act or omission; . . .

**(3)** The harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer . . .[25]

The Federal Act defines the term "nonprofit organization" as any not-for-profit organization, which is organized and conducted for the public benefit and operated primarily for charitable, civic, educational, or welfare purposes and which does not practice any action, which constitutes a hate crime.[26]

This definition of a nonprofit organization includes the Clear Springs Park Property Owner's Association, Inc. (the "Association") because the Association is operated in furtherance of the important public policy of preventing dilapidation in housing and unhealthful

---

[25] *See* 42 USC § 14503.
[26] *See* 42 USC § 14505.

conditions described in Section 201 of the Texas Property Code.[27]

Basaldua never contested the nonprofit status of the Association.[28]

In addition to the Federal Act, the Texas Non-Profit Corporation Act (the "Texas Act") protects volunteers from liability as well. Chapter 22 of the Texas Business and Organizations Code pertains to nonprofit corporations, which are defined as a corporation in which none of the income is distributable to a member, director, or officer of the corporation.[29] Officers of a nonprofit corporation are immune from individual and civil liability under Chapter 22.[30] The relevant part of the Texas Act states:

> **(a)** An officer is not liable to the corporation or any person for an action taken or omission made by the officer in the person's capacity as an officer unless the officer's conduct was not exercised:
>
> **(1)** in good faith;

---

[27] Tex. Prop. Code § 201.002; *Wrongful Death Beneficiaries of Elliot v. La Quinta Corp.*, 2007 U.S. Dist. LEXIS 16837 at *7 (N.D. Miss. March 8, 2007) (stating that officers of nonprofit corporations are not liable under the Volunteer Protection Act).
[28] *See Wilchester W. Concerned Homeowners LDEF, Inc. v. Wilchester W. Fund, Inc.*, 177 S.W.3d 552, 566 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (stating in dicta that the homeowners association could enter into contracts because it fit the definition of a nonprofit corporation under the Texas Non-Profit Corporations Act.); *see Candlelight Hills Civic Ass'n, Inc. v. Goodwin*, 763 S.W.2d 474, 478-79 (Tex. App.—Houston [14th Dist.] 1998, writ denied) (stating that the Texas Non-Profit Corporation Act authorizes certain actions by the homeowners association because the homeowners association is a nonprofit corporation.).
[29] Tex. Bus. Org. Code § 22.001(5).
[30] Tex. Bus. Org. Code § 22.235.

**(2)** with ordinary care;

**(3)** in a manner the officer reasonably believes to be in the best interest of the corporation.[31]

Here, none of the Association's income was distributable to a member, director, or officer. And, at all relevant times, Appellees were officers of the Association. As a result, Appellees are immune from liability under the Federal Volunteer Protection Act, as well as the Texas Non-Profit Corporation Act.[32]

### C. The Motion for Summary Judgment asserted volunteer immunity as to all of Basaldua's claims

Basaldua claims "the trial court abused its discretion in granting Appellees' Motion For Summary Judgment when the Appellee[s] failed to establish that all of Appellant's claims were legally insufficient."[33] Basaldua further claims that Appellees were only seeking relief as to one claim—breach of contract. However, this is not true. Appellees asserted the defense of volunteer immunity as to all claims, not just breach of contract.[34] In their Motion for Summary Judgment, Appellees establish that they are immune from liability under Federal and State

---

[31] *Id.*

[32] *In re Hoa Hao Buddhist Congregational Church Tex. Chptr.*, 2014 Tex. App. LEXIS 13792 (Houston [1st Dist.] December 23, 2014).

[33] *See* Appellant's Brief at 2.

[34] Appellees attacked the breach of contract claim individually as an alternate argument in their Motion for Summary Judgment, *see* CR 115.

9

volunteer immunity statutes for actions taken in their capacity as volunteer board members—precluding all of Basaldua's claims against them.

Specifically, the Motion for Summary Judgment states:

In sum, the Association is a non-profit corporation in whose service the Volunteer Board Members cannot be held liable. Thus the Volunteer Protection Act is a ***statutory bar to Plaintiff's claims*** against the Volunteer Board Members.[35]

Basaldua erroneously interprets this language to mean that the Motion for Summary Judgment only addressed breach of contract. The language does not single out one claim; it states that volunteer immunity is a bar to all claims. Appellees argued that "the Volunteer Protection Act is a statutory bar to Plaintiff's ***claims*** against the Volunteer Board Members," using the plural of the word "claim," thereby indicating that the Volunteer Protection Act is a statutory bar to all of Basaldua's ***claims***—fraud, tortious interference with an existing contract, tortious interference with prospective relations, breach of contract, and aiding and abetting. Accordingly, Appellees' Motion for Summary Judgment addressed all claims brought by

---

[35] CR 119.

10

Basaldua and the trial court did not abuse its discretion in granting the Motion for Summary Judgment as to all of the claims.

### D. The trial court's Order disposed of all of Basaldua's claims against the Farinaccis

The Order signed by the trial court states "this Order disposes of **all Plaintiff's claims** against Defendants."[36] Although the Order does not state that volunteer immunity precludes all claims, where a court does not specify the grounds upon which it granted summary judgment, summary judgment will be affirmed if **any** of the theories advanced are meritorious.[37] The burden is on the party appealing to show that each independent argument alleged in the motion for summary judgment is insufficient to support the trial court's order.[38] Basaldua has not met (and cannot meet) this burden.

---

[36] CR 191 (emphasis added).

[37] *Lang v. City of Nacogdoches*, 942 S.W.2d 752, 757 (Tex. App.—Tyler 1997, writ denied); *Industrial Co. of N. Am. v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex. App.—Houston [1st Dist.] 1990, no writ) (emphasis added); *see State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374 (Tex. 1993); *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Rogers v. Ricane Enters. Inc.*, 772 S.W.2d 76, 79 (Tex. 1999); *Insurance Co. of North America v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex. App.—Houston [1st Dist.] 1990, no writ).

[38] *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex. App.—Houston [1st Dist.] 1988, writ denied); *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755, 757 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

The Federal and State volunteer immunity statutes bar all claims against volunteers of nonprofit corporations when the volunteers are acting in their volunteer capacities. Here, the conduct complained of is that Appellees stopped construction on the Skeltons' house because the Skeltons failed to obtain approval from the ACC, as required under the deed restrictions for the Clear Springs community. Appellees, acting as volunteer board members, were enforcing the deed restrictions.[39] At all times relevant to this matter, Appellees were acting on behalf of the Association and protecting the interests of the homeowners in the community. Therefore, the volunteer immunity statutes are implicated. Because the statutes protect volunteers like Appellees, the defense of volunteer immunity has merit as to all claims brought by Basaldua.

The granting of Appellees' Motion for Summary Judgment disposing of all claims should be affirmed because the trial court did not abuse its discretion in finding that the Federal and State volunteer immunity statutes bar Basaldua's claims.

---

[39] CR 4–5.

## II. THE MANNER IN WHICH BASALDUA REFERS TO A DEFENDANT DOES NOT REMOVE THE STATUTORY PROTECTION OF VOLUNTEER IMMUNITY.

Basaldua claims "the trial court abused its discretion in granting Appellees' Motion for Summary Judgment when the trial court lacked personal jurisdiction."[40] Basaldua bases this argument on the fact that he identified Appellees as "individuals" in his pleadings and not "volunteer board members."[41] Basaldua's argument is without merit.

The manner in which Basaldua chooses to refer to a defendant does not change the underlying conduct that forms the basis of his complaint – which is what must be considered in applying the volunteer immunity statutes.[42] Basaldua alleged that Appellees—acting as president and officers of the Association—interfered with his contract to construct improvements by stopping work because the construction plans were not submitted for approval.[43]

The Federal Act only requires that "the volunteer was acting within the scope of the volunteer's responsibilities in the nonprofit organization or governmental entity at the time of the act or

---

[40] *See* Appellant's Brief at 1.
[41] *Id.* at 3.
[42] Tex. R. Civ. P. 71.
[43] CR 4–5.

13

omission."[44] Likewise, the Texas Act only requires that the "action taken or omission made by the officer [is] in the person's capacity as an officer."[45] Basaldua's pleadings established that each individual defendant he sued lives in Texas and is therefore, subject to the jurisdiction of Texas courts.[46] Because Basaldua established personal jurisdiction over Appellees in his pleadings,[47] and he sued for actions taken as volunteer board members, the court had jurisdiction to find that the Federal and State volunteer immunity statutes barred Basaldua's claims.

Moreover, it is well settled in Texas that courts look to the substance of the pleadings and relief sought to determine the nature of the claim, not merely the form of the title given to it.[48] The same is true regarding the way a plaintiff decides to refer to a defendant.

Basaldua sued Appellees in their individual capacity for actions they took in their capacity as volunteer board members. Basaldua

---

[44] *See* 42 USC § 14503.

[45] Tex. Bus. Org. Code § 22.235.

[46] CR 4–5.

[47] CR 2–3.

[48] Tex. R. Civ. P. 71; *State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *Ryland Enter. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (holding that a court will look to the contents of the document and not merely the title giving to the motion).

argues that because he did not sue the Association or say the exact words "volunteer board members" that the volunteer immunity statutes are not applicable. Basaldua is wrong. Following Basaldua's reasoning would lead to an absurd result. Under Basaldua's logic, all a plaintiff would have to do is include the word "individual" in his pleadings and avoid the term "volunteer" to circumvent the volunteer immunity statutes. This would allow a plaintiff to circumvent the intended application of the defense of the immunity statutes when the conduct at issue is in fact protected—this is not what the legislature intended.

The trial court did not abuse its discretion in finding that the defense of volunteer immunity was a bar to all of Basaldua's claims. The manner a plaintiff chooses to refer to a defendant does not remove statutory protection.

## CONCLUSION

The trial court did not abuse its discretion in granting Appellees' Motion for Summary Judgment dismissing all claims because the Federal Volunteer Protections Act and Texas Non-Profit Corporation Act bar all of Basaldua's claims against Appellees. The trial court was

15

correct in entering an Order dismissing all claims, as volunteer immunity is meritorious as to all claims brought against Appellees.

In addition the absence of the term "volunteer" in his pleadings is irrelevant because the volunteer immunity statutes do not look to how a plaintiff chooses to refer to a defendant, but to the conduct that is the basis of the lawsuit. Because the conduct complained of by Basaldua is within the scope of the volunteers' duties, the volunteers are not liable as a matter of law and the trial court did not abuse its discretion.

## **PRAYER**

For these reasons, Appellees George Farinacci, LaDona Farinacci, and Jim House respectfully request this Court affirm the trial court's Order dismissing all of Appellant's claims against them.

16

Respectfully submitted,

ROBERTS MARKEL WEINBERG BUTLER HAILEY PC

_____
FRANK O. CARROLL III
TBA No. 24082785
MIA B. LORICK
TBA No. 24091415
2800 Post Oak Blvd, 57th Floor
Houston, TX 77056
Tel: (713) 840-1666
Fax: (713) 840-9404
fcarroll@rmwbhlaw.com
mlorick@rmwbhlaw.com
ATTORNEYS FOR APPELLEES
GEORGE FARINACCI,
LADONA FARINACCI, AND JIM HOUSE

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 i(3) of the Texas Rules of Appellate Procedure, I certify that the word count in this Appellees' Brief is 3,946 words.

_____
FRANK O. CARROLL III

17

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by facsimile, messenger, regular U.S. Mail, certified mail, return receipt requested and/or electronic service in accordance with the Texas Rules of Appellate Procedure on this the 21st day of May, 2015.

Ray Basaldua
PO Box 1982
Lytle, Texas 78052

_____
FRANK O. CARROLL III

18